UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANDREA M. PIERUCCI,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br>　　　　　　　　　　Defendant. | Case No. 2:18-cv-01452-MMD-BNW<br><br>ORDER |

**I.　SUMMARY**

This action stems from alleged personal injuries Plaintiff Andrea M. Pierucci sustained due to a slip-and-fall accident while on Defendant Smith's Food & Drug Centers, Inc.'s ("Smith's") premises. Before the Court are Plaintiff's motion for partial summary judgment as to Defendant's liability ("Liability Motion" (ECF No. 27)), Defendant's cross-motion for summary judgment ("Defendant's Motion" (ECF No. 29)), and Plaintiff's motion for partial summary judgment as to damages ("Damages Motion" (ECF No. 28)).[1] For reasons discussed below, the Court denies all three motions.

**II.　BACKGROUND[2]**

Defendant operates a gas station convenience store in Mesquite, Nevada. (ECF No. 1-1 at 3; ECF No. 27-1 at 2.) The store has a self-service area where customers may get soda, coffee, and other drinks. (ECF No. 27-2 at 5-6.) On October 9, 2017, Plaintiff entered the store to "get a drink from the soda machine." (ECF No. 29-1 at 4.) After Plaintiff got the drink and began walking to the cash register, she slipped and fell due to liquid on

---

[1]The Court has reviewed the parties' respective responses (ECF Nos. 32, 33, 34) and replies (ECF Nos. 38, 39, 41).

[2]The facts recited are undisputed unless otherwise noted.

the ground. (*Id.*; ECF No. 27-2 at 9.) At the time of the accident, Smith's employees Mary Lee Robinson, Sandra Brewer, and Lola Stulfus were working. (ECF No. 27 at 6 n.6; ECF No. 29-3 at 4.) The accident was captured on surveillance video. (ECF No. 27-4.)

Plaintiff asserts a single claim of negligence against Defendant and seeks general and special damages. (ECF No. 1-1 at 4-5.)

## III.    LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must

1  produce specific evidence, through affidavits or admissible discovery material, to show
2  that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991),
3  and "must do more than simply show that there is some metaphysical doubt as to the
4  material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting
5  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere
6  existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."
7  *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV.    LIABILITY MOTION (ECF NO. 27) AND DEFENDANT'S MOTION (ECF NO. 29)**

The parties, in gist, rely on arguments in their respective motions to seek summary judgment and to oppose summary judgment. The Court will therefore address the parties' arguments raised in their separate motions collectively. Plaintiff seeks partial summary judgment as to Defendant's liability, contending that Defendant had both constructive notice of the spill and notice under a mode of operation theory, yet failed to remedy the issue. (ECF No. 27 at 17-19.) Defendant counters that Plaintiff has produced no evidence of constructive notice and that the mode of operation approach does not apply to this case. (ECF No. 33 at 12-14.) As noted, Defendant argues it is entitled to summary judgment on the entire negligence claim, not just on the issue of notice. (ECF No. 29.) Because the Court finds that genuine issues of fact exist as to whether Defendant had notice of the spill—whether constructive or under a mode of operation theory—neither party is entitled

///
///
///

to summary judgment.[3]

To prevail on a cause of action for negligence, a plaintiff must prove "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *DoBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012). Whether a defendant was negligent is typically a question of fact, and courts are reluctant to grant summary judgment in negligence actions. *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997).

With respect to slip-and-fall cases, a proprietor owes invited guests a duty to keep the premises in a reasonably safe condition for use, and "[t]he presence of a foreign substance on a floor generally is not compatible with [this] standard of ordinary care." *Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 49 (Nev. 1964). "Where the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322-323 (Nev. 1993). Constructive notice is generally defined as "[n]otice arising by presumption of law from the existence of facts and circumstances that a party had a duty to take notice of." Black's Law Dictionary (10th ed. 2014). Whether constructive notice exists is generally a question of fact for a jury to decide. *Sprague*, 849 P.2d at 322.

Such is the case here because the Court finds genuine issues of material fact exist as to whether Defendant had constructive notice of the spill. Plaintiff contends that video surveillance of the accident establishes that she did not spill the drink herself and has produced an expert report which concludes that it was physically impossible for Plaintiff to

---

[3] The Court thus declines to address Plaintiff's argument in opposition to Defendant's Motion that Defendant's failure to schedule inspections is sufficient to survive summary judgment as to constructive notice. (ECF No. 32 at 6.) The Court also declines to reach the argument in Defendant's Motion that there is no evidence of actual notice or prior similar incidents. (ECF No. 29 at 7-8.) Plaintiff does not assert these theories in either the Liability Motion or in her response to Defendant's Motion. (*See* ECF Nos. 27, 32.)

both spill her drink and slip on the liquid. (ECF No. 27-4; ECF No. 27-10 at 11.) Therefore, Plaintiff argues, the spill must have come from an employee or a customer. (ECF No. 32 at 5; ECF No. 39 at 6-7.) Plaintiff testified that the spill did not seem "to be fresh or a new spill" because it was "dingy". (ECF No. 39-6 at 3.) Plaintiff also argues that employees should have discovered the spill with a reasonable inspection because Brewer described the spill as "huge". (ECF No. 27-7 at 5.)

However, the surveillance video of the accident does not show how or when the spill was created or the spot of the floor where Plaintiff slipped. (*See* ECF No. 27-4.) The cause of the spill itself is a matter of dispute—Robinson testified that while she didn't see Plaintiff slip, she turned around after hearing her fall, noticed that there was soda on the top of the lid of Plaintiff's drink that was the same color as the liquid on the ground, and concluded that Plaintiff had spilled her own drink and then slipped on the liquid. (ECF No. 27-8 at 7-9.)[4] Moreover, Defendant contests the size of the spill, pointing to Robinson's Witness Statement describing it as "a small puddle of soda on the floor" and her testimony that the spill "wasn't a big one." (ECF No. 33-1 at 2; ECF No. 33-2 at 6.) Brewer also testified that all employees constantly check for unsafe conditions in the store including liquids on the floor. (*See* ECF No. 33-4 at 4.)

The differing testimonies and statements about how the liquid got on the floor, the size of the spill, and the length it had been on the floor are all material to the issue of constructive notice. A rational trier of fact could reasonably find that the spill was either not caused by an employee or customer, or that it was small and had not been on the floor for very long before Plaintiff fell. A rational trier of fact could reasonably reach a contrary conclusion based on the same evidence, depending on who they find to be more credible. As such, genuine issues of material fact exist as to whether Defendant had constructive

---

[4]Plaintiff argues that because Robinson did not actually see the spill, this portion of her testimony is speculative and therefore inadmissible. (ECF No. 27 at 16-17.) The Court disagrees because Robinson's opinion is "rationally based on [her] perception" of the accident. Fed. R. Evid. 701(a).

notice of the spill.

Next, Plaintiff argues she has established notice under a mode of operation approach because she fell in the self-service area of the store where it was reasonably foreseeable that spills on the floor could occur. (ECF No. 27 at 18.)[5] The Nevada Supreme Court has recognized that "there is a modern trend toward modifying this traditional approach to premises liability to accommodate newer merchandising techniques, such as the shift that grocery stores have made from clerk-assisted to self-service operations." *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012). The court noted that one such approach is "mode of operation," which "focuses on the nature of the business at issue." *Id.* "[T]he plaintiff satisfies the notice requirement if [s]he establishes that an injury was attributable to a reasonably foreseeable dangerous condition on the owner's premises that is related to the owner's self-service mode of operations." *Id.* at 496-97 (citation and internal quotation marks omitted.)

It is undisputed that Plaintiff fell in or near an area where customers can pour their own drinks. (ECF No. 27-2 at 5; ECF No. 33-4 at 3.) Moreover, Plaintiff has produced an expert report which identified "significant risks" to customers in the self-service area including "spills from drinks", "leaks from soda, ice, and nearby equipment", and "ice, melting ice, and liquid hazards." (ECF No. 27-11 at 8.) Plaintiff also points to testimony from Robinson that employees usually move the mop from the back to the front of the store and have wet floor signs so that they can quickly address spills. (ECF No. 27-8 at 3-5.) Therefore, Plaintiff argues, it was reasonably foreseeable that liquid would spill on the floor in that area. (ECF No. 27 at 18-19.)

However, as described *supra*, the cause of the spill remains in dispute. Moreover, Defendant points to testimony from Robinson, Stolfus, and Brewer that while the counters in the self-service area could get messy, spills on the floor in that area were infrequent.

---

[5]To the extent Defendant argues that Plaintiff did not include a mode of operation theory in the Complaint (ECF No. 33 at 14), Defendant is wrong. Plaintiff pleaded that she was in a self-service area of the store when she fell. (ECF No. 1-1 at 2-3.)

(*See* ECF No. 33-2 at 5 (Robinson stating that messes in that area are "usually on the counters"); ECF No. 33-3 at 3 (Stolfus testifying that it was "[n]ot often" that "spills occurred or debris got on the floor in that area"); ECF No. 33-4 at 3 (Brewer says that it was "not often" that they would see spills in that area); ECF No. 33-5 at 3 (Alan Rasmussen—Defendant's 30(b)(6) deponent—says that he was not aware of any prior spills in that area).)

The parties' proffered evidence demonstrates a genuine issue of material fact as to whether the spill was a reasonably foreseeable dangerous condition associated with Defendant's self-service mode of operation. A rational fact finder could reasonably determine that the liquid on the floor was not linked to customer self-service in that area, and instead came from a different source. A rational fact finder could also reasonably reach the opposite conclusion.

In sum, genuine issues of material fact exist as to whether Defendant had notice of the spill. The Court thus denies Plaintiff's Liability Motion (ECF No. 27) and Defendant's Motion (ECF No. 29).

## V.     DAMAGES MOTION (ECF NO. 28)

Plaintiff seeks summary judgment as to certain elements of damages, contending that Defendant fails to produce evidence contesting these issues: (1) that Plaintiff's treatment was reasonable and necessary for her injuries; (2) that her medical care billing amounts are customary and usual for the area of her injury; and (3) the amount needed for her future medical care as set in her life care plan. (ECF No. 28 at 3.) Defendant counters that it has strongly disputed causation and damages, arguing that because the expert report of Dr. Dix concluded that Plaintiff's injuries are "multifactorial" and involve prior back injuries, a jury must decide if her fall exacerbated her already existing injuries and caused her need for future treatment. (ECF No. 34 at 2-3.)

The Court agrees with Defendant. Regardless of whether certain discrete elements of damages are in dispute, causation and apportionment are contested and may drastically change the amount Plaintiff would receive if liability is found. *See* NRS

41.141(1)-(2). Plaintiff argues that a disagreement over causation and apportionment "does not preclude summary judgment in other areas of damages" and cites to the unpublished Nevada Supreme Court case *Didier v Sotolongo* as persuasive authority in support of her argument. (ECF No. 28 at 7.) There, the court affirmed a state district court's order granting partial summary judgment on damages where Defendant failed to present evidence rebutting Plaintiff's medical expert's conclusions that Plaintiff's medical treatments were reasonable and necessary. *Didier v. Sotolongo*, No. 76289, 2019 WL 2339970, at *1 (Nev. May 31, 2019). However, *Didier* is distinguishable because there, causation for the plaintiff's injuries had already been established as a matter of law. *Id*. Here, Plaintiff concedes that causation and apportionment remain in dispute. (ECF No. 28 at 7-8.)

## VI.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment as to liability (ECF No. 27) is denied.

It is further ordered that Plaintiff's motion for summary judgment as to damages (ECF No. 28) is denied.

It is further ordered Defendant's cross-motion for summary judgment (ECF No. 29) is denied.

DATED THIS 18th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE